*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS A. KING,

Plaintiff-Appellant,

v

MCLAREN HEALTH CORPORATION,

Defendant-Appellee.

UNPUBLISHED
February 27, 2026
8:46 AM

No. 366152
Oakland Circuit Court
LC No. 2022-195906-CD

ON REMAND

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

This employment-related civil-rights action is before the Court on remand from our Supreme Court. *King v McLaren Health Corp*, ___ Mich ___ (2025) (Docket No. 168207) (*King II*). Specifically, on October 24, 2025, in lieu of granting leave to appeal, our Supreme Court vacated this Court's judgment in *King v McLaren Health Corp*, unpublished per curiam opinion of the Court of Appeals, issued January 30, 2025 (Docket No. 366152) (*King I*), and remanded to this Court for reconsideration in light of *Rayford v American House Roseville I, LLC*, ___ Mich ___; ___ NW3d ___ (2025) (Docket No. 163989). *King II*, unpub order at 1. The parties submitted supplemental briefing in late 2025, and the matter is now ripe for resolution on remand.

The underlying facts of this dispute can be found in *King I*, slip op, pp 1-2. On remand, this Court is asked to reconsider whether the trial court erred when it concluded that plaintiff's claims were time-barred by a six-months limitations period included in plaintiff's employment application. Specifically, plaintiff asks that we apply *Rayford* to this dispute and remand the case back to the trial court for a review of whether plaintiff's filing was reasonable, as that term was described in *Rayford*. Defendant offers several reasons why this Court should not remand and instead affirm summary disposition in its favor. We take each of defendant's arguments up in turn.

First, defendant argues that plaintiff has waived any reliance on the *Rayford* decision. This argument is without merit. Throughout the proceedings, plaintiff has argued that the shortened limitations period set forth in his employment agreement was against public policy. As noted in

-1-

*King I*, plaintiff relied on a concurring opinion by Justice Welch in *McMillon v Kalamazoo*, 983 NW2d 79, 82 (Mich, 2023) (WELCH, J., concurring), for the argument that contractual limitations periods for employment-related civil rights claims should be invalid. Justice Welch reiterated many of the same points in her majority opinion in *Rayford*. In fact, in *King I*, this Court expressly recognized that our Supreme Court had several cases pending before it on whether a contractual limitations period should be held invalid. *King I*, slip op, p 6. Parties are generally free to argue a point in a more sophisticated way on appeal, as long as the point is not novel. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020). We conclude that plaintiff did not waive this issue.

Second, defendant urges this Court not to apply *Rayford* to this current dispute; instead, *Rayford* should be applied only to cases filed after its date of issuance (i.e., July 31, 2025). To the contrary, we conclude that *Rayford* does apply to the current case. As a matter of common sense, our Supreme Court specifically vacated this Court's judgment in *King I* and remanded for reconsideration in light of its *Rayford* decision. If the Supreme Court intended for *Rayford* to apply only to cases initiated after the date of that decision, then there would have been little reason to remand here.

Even setting this observation aside, it has long been established that "the general rule is that judicial decisions are to be given complete retroactive effect." *Hyde v Univ of Mich Bd of Regents*, 426 Mich 223, 240; 393 NW2d 847 (1986). Although *Rayford* did overturn settled precedent of this Court—a factor generally weighing in favor of prospective application, see *League of Women Voters of Mich v Secretary of State*, 508 Mich 520, 566; 975 NW2d 840 (2022)—*Rayford* explained that it was not overturning any of its own settled precedent. *Rayford*, ___ Mich at ___; slip op, pp 19-28. This certainly weighs in favor of complete retroactive effect. In fact, a prior panel of this Court has already applied *Rayford* to an employment action initiated prior to July 31, 2025. See *Johnson v Best Buy Co, Inc*, ___ Mich App ___; ___ NW2d ___ (2025) (Docket No. 363807). Accordingly, we conclude that *Rayford* applies here.

Third and finally, defendant asks that this Court conclude that the shortened limitations period here was reasonable. The trial court did not have the benefit of *Rayford* when it ruled on defendant's motion for summary disposition. We will not short-circuit the regular litigation process by taking up this question in the first instance on appeal, especially given the possibility that the reasonableness of the shortened limitations period might require further factual development.

The trial court's grant of summary disposition in defendant's favor is vacated, and the matter is remanded to the trial court for further proceedings consistent with this opinion and *Rayford*. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron